# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RICK LYN SHADDON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3021-CV-S-RED-H |
| BILL HEDRICK, Warden, ) | |
| United States Medical Center ) | |
| for Federal Prisoners, ) | |
| Springfield, Missouri, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that the Bureau of Prisons ["BOP"] has abused its discretion and subjected him to cruel and unusual punishment by denying him a compassionate release. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation, it will be recommended that he be denied leave to proceed in forma pauperis.

After a Show Cause Order, a response was filed. Subsequently, petitioner filed a traverse in which he reiterated the allegations of his original petition.

Petitioner asserts that he suffers from severe health problems, and that the BOP has abused its discretion in denying his request for a compassionate release. It is his position that the information relied upon to make the decision was not accurate or current. He asserts that the BOP did not take into account his current medical condition, nor the true facts surrounding what information was available to the

sentencing judge at the time he was sentenced. Petitioner contends that at the time of his sentencing hearing, he had not been given a prognosis of less than a year to live. Although he had some of his current health problems, he contends that he did not have the many physical problems he suffers from today when he was sentenced in 1996. He contends that the fact that he had hypertension, coronary disease and renal disease at the time of his hearing in 1996 did not put the sentencing court on notice that he would have the physical problems he now has and that he would be given a diagnosis of less than a year to live in 2004. It is also petitioner's position that he has no criminal history and no prior history of violence. Further, his current medical status precludes any ability to engage in criminal activity if he were compassionately released, and he has the support of his family should he be released.

It is respondents' position that petitioner's poor health was known to the sentencing judge before he sentenced him to 228 months of incarceration; that the decision to reduce the term of any inmate sentence is within the absolute discretion of the BOP under 18 U.S.C. § 4205(g) or 18 U.S.C. § 3582(c)(1)(A); and that petitioner has no constitutional right to an early release when the BOP has determined that he does not qualify for such a release.

A full review of the record in this case indicates that petitioner has made three requests for compassionate release. According to a Special Progress Note dated May 9, 2003, petitioner had more than a fifty-percent change of dying within the next year. His condition includes renal disease, coronary artery disease with multiple heart attacks and two angioplasty procedures having been performed, gall bladder problems, chronic hematuria, narrowing of the intracranial arteries, and a history of partial complex seizures with a history of stroke in the past.

Petitioner's most recent request for compassionate release was initially denied on July 7, 2003. Petitioner was informed by the BOP that "an early release would not be in the best interest of society, as

you continued to maintain the ability to possess firearms and engage in other criminal activities. Even though the current federal sentence you are serving is your first conviction, the seriousness of the offenses committed suggests you are unwilling to conform your actions to that of a law-abiding citizen." [Respondents' Exhibit 2]. At the Regional Level, petitioner was informed that the sentencing court was fully aware of the context of his illness at the time of sentencing; that he is categorized as having a greatest severity offense, which would indicate a potential risk to society; and that his deteriorating health does not alter the fact that he does not meet the established criteria for compassionate release. At the National Appeals Level, petitioner's request for a compassionate release was ultimately denied. He was advised that at the time of sentencing, the Court "was fully aware you suffered from hypertension, coronary disease, and renal failure, and you had experienced five previous heart attacks." [Respondents' Exhibit 2, dated December 1, 2003]. The National Appeals Administrator also advised him that his criminal conduct was extremely serious, based in part on the fact that he was a leader in extensive criminal activity, which involved multiple firearms. Petitioner was then informed that Medical Center staff had indicated that his medical condition was stable and had not changed significantly since his previous request for compassionate release. Given these facts, the determination that he is ambulatory and that his medical condition does not render him incapable of committing further crimes, and the fact that his release would depreciate the seriousness of his offense, his compassionate release request was denied.

Having fully reviewed the record in this case, the Court finds that petitioner has failed to establish a constitutional violation. There appears to be no question that petitioner suffers from serious medical conditions, and that he was deemed to have a life expectancy of less than one year in 2003. According to Program Statement 5050.46, <u>Procedures for Compassionate Release,</u> consideration is to be given to a compassionate release in compelling circumstances, which were not reasonably foreseeable by the

sentencing court. Additionally, the policy stipulates that the public must be protected from undue risk.

Petitioner contends that the severity of his condition could not have been known by the sentencing judge in 1996, and that the BOP did not consider the seriousness of his current medical condition. Although the record supports petitioner's claims of terminal health problems at this time, it is apparent that the sentencing judge was aware that he suffered from multiple, serious health problems at the time of sentencing. While those problems have worsened, petitioner has no constitutional nor statutory entitlement to compassionate release. Additionally, a review of the record indicates that the BOP did consider petitioner's current medical condition in rendering its decision, and followed the applicable statutory provisions in doing so. Further, there is evidence in the file to support the decision to deny petitioner's request based on the seriousness of his criminal conduct. The law is clear that the matter of release is within the discretion of the BOP, and the Court cannot find an abuse of discretion in this case. Accordingly, the Court must recommend that the petition be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner should be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus should be dismissed without prejudice.

/s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate Judge

Date: 8/24/04